DECISION
INTRODUCTION
This Court must determine whether the Trial Court appropriately dismissed the appellant’s suit. The Trial Court deduced that the appellant insufficiently alleged the presence of subject matter jurisdiction in its initial pleading. This Court disagrees with this assessment and accordingly reverses the lower court decision.
APPELLATE HISTORY
On August 26, 2015, the appellant, General Council Agency, by and through Attorney John S. Swimmer, filed a timely appeal of the Trial Court’s final decision. See HCN R. App. P. 7(b)(1), 11(a), available at http://www.ho-chunknation.com/ government/judiciary/judicial-rules.aspx. This Court issued a scheduling order on September 9, 2015, in which it accepted the appeal and established briefing deadlines. Id., Rule 12. The appellant filed its brief in support of appeal on September 25, 2015, but the appellee failed to file a timely responsive brief. Id., Rule 13(b). Consequently, the Court decided to forego holding oral argument. Order (Matter under Advisement), SU 15-10 (HCN S.Ct., Nov. 10, 2015).
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a), available at http://www.ho-chunknation.com/ government.aspx. When reviewing questions of law, the Court employs a de novo standard of review, meaning that it examines a matter anew. Hope B. Smith v. Ho-Chunk Nation et al., SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n. 3. This appeal only involves a legal inquiry since it concerns the Trial Court’s ability to adjudicate a case.
Once a litigant files an initial pleading, the Trial Court becomes obligated to perform its most rudimentary inquiry. The Court must preliminarily determine whether the alleged dispute “aris[es] under the Constitution, laws, customs, [or] the traditions of the Ho-Chunk Nation.” HCN Const., art. VII, § 5(a). In most instances, the Court must either discern or verify whether the Ho-Chunk Nation Legislature has “enacted a law to which the HCN Trial Court can apply to [a] case.” Ho-Chunk Nation v. Harry Steindorf et al., SU 00-04 (HCN S.Ct., Sept. 29, 2000) at 5. The existence of such a dispute “grants the HCN Courts subject matter jurisdiction,” id. at 3, and this jurisdictional underpinning must continue to exist at every stage of the litigation, including throughout an appeal. Sadat v. Mertes, 615 F.2d 1176, 1188 (7th Cir.1980).[1] A court should independently monitor whether subject matter jurisdiction persists since a judicial act taken in its absence is presumptively null and void. Arbaugh v. *232 Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).
No court can act outside the bounds of its established subject matter jurisdiction. See Muskrat v. United States, 219 U.S. 346, 356, 31 S.Ct. 250, 55 L.Ed. 246 (1911). Essentially, a court may exercise subject matter jurisdiction over a cause of action if constitutionally or statutorily empowered to hear such cases in general. See United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). “Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question.”[2] Hunt v. Hunt, 72 N.Y. 217, 229 (N.Y.1878).
The pertinent procedural rule in all trial level cases requires a plaintiff to include a “short, plain statement] of the grounds upon which the Court’s jurisdiction depends.” HCN R. Civ. P. 3(A), available at http://www.ho-chunknation. eom/governmenVjudiciary/judicial-rules. aspx. In this regard, the General Council Agency alleged as follows:
Th[e Trial] Court has subject matter jurisdiction ... pursuant to the Ho-Chunk Nation Employment Relations Act, 6 HCC § 5, which provides that no confidential information shall be divulged to any person who does not possess the legal or operational right to know. Use or disclosure of confidential information may result in civil or criminal penalties.
Compl., CV15-02 (Jan. 23, 2015) at 3.
The cited law, in fact, provides a greater measure of substantive detail.
1) Confidential information obtained as a result of employment shall not be used by an employee for any private interest, or personal gain.
2) Employment-related records and information are confidential and proprietary documents of the Nation.
3) No confidential document or information shall be divulged to any person who does not possess the legal or operational right to know.
4) All employees shall be required to sign a Confidentiality Agreement as a condition of employment.
5) Use or disclosure of confidential information may result in civil or criminal penalties, or employee discipline, up to and including termination.
Employment Relations Act of 2004 (“ERA”), 6 HCC § 5.15c, available at http://www.ho-chunknation.com/ government/legislature/codes-statutes. aspx; see also Compl. at 3-4 (quoting the preceding legislation, but without specific citation).
Each of the General Council Agency’s claims purportedly derives from violations of the foregoing law. Compl. at 3-7. Nonetheless, while the Trial Court acknowledged that the General Council Agency “cited the ... ERA ... as a legal basis for the Complaint,” it adjudged that “the specific basis[,] which was described as an employment contract!,][3] was not *233 provided to th[e] Court.” Order (Dismissal), CV 15-02 (HCN Tr. Ct., June 30, 2015) at 10 (footnote added). As noted above, the General Council based its contentions upon alleged violations of a confidentiality agreement, but, even in the absence of such an agreement, the claims levied against Ms. Giroux conceivably constitute breaches of the ERA.
This Court need not express an opinion concerning the merits of the General Council Agency’s claims. This Court only needs to determine whether the Agency articulated an adequate basis upon which the Trial Court could permissibly exercise subject matter jurisdiction over the case. These grounds clearly exist within the initial pleading, and, therefore, the Court reverses the dismissal issued by the Trial Court and remands for further consideration.
REVERSED AND REMANDED
EGI HESKEKJET.

. This Court references external case law as persuasive, not binding, authority, and in an attempt to demonstrate a consistent approach to basic legal principles. “[0]nly decisions by this [C]ourt are limitations on the Trial Court.” Jacob LoneTree et al. v. Robert Funmaker, Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 4.

. Even more precisely, "jurisdiction in courts is the power and authority to declare the law. The very word, in its origin, imports as much; it is derived from juris and dico—I speak by the law.” Mills v. Commonwealth, 13 Pa. 627, 630 (Pa.1850).

. The Trial Court consistently misconstrued the General Council Agency’s causes of action as stemming from the "breach[ of] an employment contract.” Order (Dismissal) at 8 (citing Compl. at 4). The General Council Agency, however, never alleged that Ms. Giroux had executed an independent employee contract, but rather a mandatory employee confiden *233 tiality agreement, which it characterized as a contract. Compl. at 3-4; see abo Notice of Appeal at 2 ("Giroux was a former employee who had signed a confidentiality agreement and breached that Agreement....”) Ms. Giroux did not deny signing a tribal confidentiality agreement. Answer, CV 15-05 (Feb. 16, 2015) at 1.